UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

RAYMOND RALPH IVEY,

           Defendant.
_____/

Case No. 2:13-cr-20010-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR HOME CONFINEMENT OR COMPASSIONATE RELEASE [19]**

Defendant Raymond Ralph Ivey moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), or in the alternative for release to home confinement under 18 U.S.C. § 3624(c)(2). ECF 19. Defendant argued that the Court should reduce his sentence because his congestive heart failure, heart disease, diabetes, high blood pressure, low potassium, and high cholesterol "place him at a heightened risk for infection or severe illness" from COVID-19. *Id.* at 64.

The Government responded that Defendant's COVID-19 fears do not warrant a sentence reduction because he is fully vaccinated from the virus. ECF 21, PgID 75; ECF 21-1, PgID 79 (vaccination record). Since Defendant is vaccinated, the Court will deny his compassionate release request.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's

1

request for the BOP to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release, ECF 21, PgID 75, he must satisfy "three substantive requirements" for the Court to grant compassionate release, *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United*

*States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claims about health complications from COVID-19 are not extraordinary and compelling. Defendant is fully vaccinated from the COVID-19 virus because he has received both shots of the Pfizer vaccine. ECF 21-1, PgID 79. The Pfizer vaccine is highly "effective at preventing COVID-19 in individuals who have not previously contracted COVID-19." *United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (collecting sources). Because Defendant is vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Indeed, Courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of his or her fear of contracting COVID-19. *United States v. Collier*, No. 15-cr-20774, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (collecting cases). On that basis,

3

the Court will deny the compassionate release motion because Defendant has shown no extraordinary and compelling reasons for his release.

The Court will also deny Defendant's request for home confinement under 18 U.S.C. § 3624(c)(2). "The decision whether to permit a defendant to serve the end of a term of incarceration in a "residential reentry center pursuant to § 3624 "is within the discretion of the Bureau of Prisons" and the "[C]ourt has no authority to order the [Bureau of Prisons] to permit [D]efendant to serve the end of [his] term in a halfway house." *United States v. Wallace*, No. 18-cr-102, 2021 WL 1663677, at *4 (S.D. Ohio Apr. 28, 2021). The Court can, however, "make a recommendation concerning halfway house placement." *Id.* But the Court will decline to make such a recommendation. The Bureau of Prisons, is "more familiar with [D]efendant's conduct while incarcerated and [his] needs upon release, and has the necessary expertise to decide whether placement in a halfway house is appropriate and feasible in [D]efendant's case." *Id.* Because the Bureau of Prisons is the best entity to determine whether Defendant should be placed in a halfway house, the Court will decline to make any recommendation on the matter.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for release to home confinement or compassionate release [19] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: May 19, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 19, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
